UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 09-4471-DMG(CTx)                **Date:** March 12, 2010

**Title:** AUMONT VIGNAUDE v. PITNEY BOWES, INC., et al.
==============================================================
**DOCKET ENTRY:**
==============================================================
**PRESENT:**         Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

           Deborah Malone
           Deputy Clerk                    Court Reporter

   ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
          None present                          None present

**PROCEEDINGS:**   (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE)

   The parties' request that the court sign a stipulated protective order has been referred to the magistrate judge, and is **DENIED WITHOUT PREJUDICE** for the reasons set forth below. The parties are advised to take the following into consideration before submitting a stipulated proposed protective order to the court:

1. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

   So that it is clear to the court and any party or nonparty seeking to challenge the confidential designation of any documents covered by a protective order, a proposed order should identify the specific materials, categories, or portions of materials to be deemed confidential in a meaningful fashion (e.g., "business plans," "customer identities," or "market surveys") and indicate what prejudice or harm will result if no protection is granted for those particular documents or information. A proposed protective order that gives the parties latitude to determine, after the fact, what types of materials should fall within the parameters of protected material is not sufficiently specific. (See Stipulations and [Proposed]

Protective Order, Stip., § I(C).)

> In the event the parties wish to seek protection for additional categories of materials in the future, they may request to amend the protective order.

2. The parties may agree to make an application to file confidential documents under seal, but such application must comply with the requirements of Local Rule 79-5, and any proposed order submitted to the court should so state. (See Stip. § II(H).) In making such an application, the parties should seek to file *only* the confidential portions of such documents under seal and they must make the appropriate showing. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Any application to file documents under seal in proceedings before the district judge should be made to the district judge. (See Stip. § II(I).)

3. A protective order sought from the magistrate judge applies only to information exchanged in discovery and other proceedings before the magistrate judge, and any proposed order submitted for the magistrate judge's signature should so state. The proposed order purports to cover, for example, information that may be introduced at trial and post-judgment matters. (E.g., Stip. §§ II(C), (L).) To the extent the parties wish to have a broader protective order that covers matters beyond discovery, they may submit a request for a proposed stipulated protective order to the district judge. The magistrate judge suggests that if the parties wish to submit a broader order to the district judge, they clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge* so the request will not be routed to the magistrate judge.

> In general, once a case proceeds to trial, all the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

The parties should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting proprietary or other confidential information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court.**

**IT IS SO ORDERED.**

cc:  Judge Gee

      Michael Lion Tracy, Esq.
      Megan Ross Hutchins, Esq.
      Law Offices of Michael Tracy

2030 Main Street, Suite 1300
Irvine, CA 92614

Fermin H. Llaguno, Esq.
Heather M. Peck, Esq.
Littler Mendelson, PC
2050 Main Street, Suite 900
Irvine, CA 92614-7284

**MINUTES FORM 11**              Initials of Deputy Clerk_____
**CIVIL-GEN**