MICHAEL L. TRACY, ESQ., SBN 237779
mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff AUMONT VIGNAUDE

**NOTE CHANGES MADE BY THE COURT**

FERMIN H. LLAGUNO, Bar No. 185222
HEATHER M. PECK, Bar No. 254694
LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
Telephone:   949.705.3000
Fax No.:      949.724.1201

Attorneys for Defendant
PITNEY BOWES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMONT VIGNAUDE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV09-04471 MAN (MANx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   06/22/2009<br>Trial Date:            09/07/2010 |

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

AMENDED STIPULATED PROTECTIVE ORDER        CV09-04471 DMG (MANx)

Based upon the parties' Amended Stipulations and Protective Order ("Amended Stipulated Protective Order"), filed on March 29, 2010, the terms of the parties' Amended Stipulated Protective Order are adopted as a Protective Order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendments to paragraphs II. H and II. I.

The parties are expressly cautioned that this Amended Stipulated Protective Order, in and of itself, creates no entitlement to file under seal information, documents, or things designated as Confidential by the parties. Accordingly, reference to this Amended Stipulated Protective Order or to the parties' designation of any information, document, or thing as Confidential is wholly insufficient to warrant filing under seal. Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as Confidential does not – without the submission of **competent evidence** establishing that the material sought to be filed under seal qualifies as confidential, proprietary, trade secret, or private information – establish good cause.

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

## I. DEFINITIONS

A. <u>Party</u>. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

B. <u>Counsel</u>. "Counsel" means:

1. The Law Offices of Michael Tracy, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action; and

2. Littler Mendelson, P.C., and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

C. <u>Confidential or Confidential Information</u>. For the purposes of this Stipulated Protective Order, "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential, proprietary or private information of: (1) Plaintiff Aumont Vignaude ("Plaintiff"); (2) Defendant Pitney Bowes Inc. ("Defendant"); or (3) any third parties, the disclosure of which information is likely to have the effect of causing harm to the competitive position of Defendant, or to the organization or person from whom the information was obtained, or to Plaintiff's and third parties' privacy. Confidential Information also includes private information pertaining to Defendant's or a third party's employees, for which Defendant or a third party has a duty to maintain the confidentiality of such information. The specific categories of documents the parties seek to protect are as follows:

1. Defendant's customer files, including Statements of Work and Addendums thereto. These files consist of confidential and proprietary documents that contain private information about third parties (Defendant's customers) and detailed information regarding the scope of services and products provided by Defendant to its customers.

2. Defendant's internal correspondence pertaining to the Statements of Work, installations, upgrades, and modifications to Defendant's products. These documents contain confidential and proprietary information about Defendant's products. They also contain private information about third parties (Defendant's customers).

3. Correspondence between Defendant and its customers pertaining to the Statements of Work, installations, upgrades, and modifications to Defendant's products. These documents contain confidential and proprietary information about Defendant's products and private information about third parties (Defendant's customers).

4. Internal policies and procedures pertaining to Defendant's document retention policies. These policies contain confidential and proprietary information about Defendant and may be protected as a trade secret.

5. Defendant's customer lists. These lists contain confidential and proprietary information and private information about third parties (Defendant's customers). This information may be protected as a trade secret.

6. Plaintiff's calendar entries. These documents contain confidential and proprietary information about the specific work Plaintiff was performing for Defendant's customers and private information about third parties (Defendant's customers).

7. Defendant's employee lists. These documents contain confidential and private information about third parties (Defendant's employees).

8. Computer code, fixes, patches, "middleware," scripts, and workarounds created by Plaintiff and employees of Defendant. These items are intellectual property potentially protected as a trade secret. They contain confidential and proprietary information about Defendant's products.

9. Defendant's product manuals. These documents contain confidential and proprietary information about Defendant's products. They are

potentially protected as trade secrets.

## II. DESIGNATION OF PROTECTED INFORMATION

A.  In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as Confidential under the terms of this Stipulation and Protective Order (hereinafter "Protective Order").  By designating a document, thing, material, testimony, or other information derived therefrom as Confidential, the Party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

B.  Confidential documents shall be so designated by stamping each page of the document produced to a Party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk or electronic storage device shall designate all contents therein as Confidential, unless otherwise indicated by the producing party.

C.  Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within ten (10) court days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.  During the ten (10) court day period, all such deposition transcripts shall be treated as if it had been designated as Confidential.

D.  Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

AMENDED STIPULATED PROTECTIVE ORDER    3.    09CV04471-DMG (MANx)

(hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

E. Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to: the Court; a jury, arbitrator, or other trier or determiner of fact in this action; a mediator who has been mutually agreed upon by the Parties; Counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such Counsel); and the Qualified Persons designated below:

   a. a Party, or an officer, director, or employee of a Party deemed necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

   b. experts or consultants (together with their clerical staff) retained by such Counsel to assist in the prosecution, defense, or settlement of this action, which experts and consultants shall not be employees of any Party or under contract with any Party (except any retention agreement relating to such experts or consultants as experts or consultants in this action);

   c. court reporter(s) employed in this action;

   d. a witness at any deposition or other proceeding in this action who created or received such Confidential Material; and

   e. any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment "A" hereto prior to receiving any Confidential Material. The fully executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to the Qualified Person.

F. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in Paragraph II.E.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

AMENDED STIPULATED PROTECTIVE ORDER   4.   09CV04471-DMG (MANx)

G. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

H. If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, **such documents shall be filed in accordance with the provisions of L.R. 79-5 of the Local Civil Rules of this Court. In making an application for filing under seal pursuant to L.R. 79-5, the parties should seek to file *only* the confidential portions of such documents under seal, and they must make the appropriate showing to justify filing under seal. See, Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006).**

I. In the event that any Confidential Material is used in any Court proceeding in this action, the Party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use. **In general, once a case proceeds to trial, all information that was designated as Confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial.**

J. This Protective Order shall be without prejudice to the rights of the Parties or any other Third Party to (a) bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use

should be restricted; or (b) present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  If a Party wishes to challenge the designation of materials stamped "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in writing of the documents and basis for the challenge.  The Designating Party shall respond in writing within five (5) business days thereafter.  If any disputes remain, the parties shall meet and confer within four (4) business days of the Designating Party's response in an effort to resolve such disputes.  If any disputes remain unresolved, the Designating Party shall bring a motion seeking to uphold its confidentiality designation pursuant to Local Rule 37.  The Designating Party shall provide its portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2 within two (2) business days after the parties meet and confer.  Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4.  This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.  Discovery motions are subject to Local Rule 37 and the Court's Scheduling Order.

K.     This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any Third Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any Third Party or the absence thereof.

///

///

///

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

AMENDED STIPULATED PROTECTIVE ORDER     6.     09CV04471-DMG (MANx)

1   L.   This Protective Order shall survive the final termination of this action
2 and the Court shall retain jurisdiction to resolve any dispute concerning the use of
3 information disclosed hereunder.  Upon termination of this action, Counsel for the
4 Parties shall assemble and return to each other all documents, materials, and
5 deposition transcripts designated as Confidential.

7   **IT IS HEREBY ORDERED** THAT parties will adhere to the terms and
8 conditions set forth herein.

10   **SO ORDERED.**

12 Dated:   April 15, 2010

*Margaret A. Nagle*

MARGARET A. NAGLE
U. S. MAGISTRATE JUDGE

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

AMENDED STIPULATED PROTECTIVE ORDER     7.     09CV04471-DMG (MANx)

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>AUMONT VIGNAUDE v. PITNEY BOWES, INC.</u>, United States District Court for the Central District of California, Case No. CV09-04471 DMG (CTx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

Name: _____

Address: _____

_____

94649453.1

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

AMENDED STIPULATED PROTECTIVE ORDER          8.          09CV04471-DMG (MANx)